IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARLIN PENN,

    Plaintiff,                      No. 2:09-cv-2443 JFM

    vs.

WARDEN MCDONALD, et al.,       <u>ORDER AND</u>

    Defendants               <u>FINDINGS AND RECOMMENDATIONS</u>

                              /

          Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. On December 16, 2009, plaintiff filed a document entitled "Request for Immediate Injunctive Relief and Restraining Order." The court construes this as a request for temporary restraining order. On January 19, 2010, defendants filed an opposition.

          Plaintiff alleges his legal and regular mail have been deliberately delayed or destroyed by the mail room sergeant on duty, defendant M. Keating, and/or his mailroom staff, in retaliation for plaintiff's filing of the present section 1983 civil suit. In support of his allegation, plaintiff asserts he has been awaiting declarations from his attorney, Charolette Ransom, and his mother, E.M. Snipes. Plaintiff declares that his mother's declaration was mailed on December 1, 2009 and December 2, 2009, but that they were not delivered to plaintiff until December 30, 2009. As of the time of the filing of his motion, plaintiff was not aware as to whether his attorney had yet mailed her declaration.

In response, defendants presented logs of plaintiff's legal mail, which show that he has sent and received at least ten documents during December 2009. Because a letter from plaintiff's mother is not legal mail, defendants assert it is impossible to track when this type of mail arrived. Furthermore, defendants claim Sergeant Keating has not worked at the institution since October 2, 2009.

The legal standard for preliminary injunctive relief requires a party to demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, 129 S.Ct. 365, 374 (2008).

In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

Prisoners may not be retaliated against for exercising their First Amendment right of access to the courts or their broader right to petition the government for redress of grievances. Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995); Schroeder v. McDonald, 55 F.3d 454, 461 (9th Cir. 1995); Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir. 1989). An inmate alleging a violation of his right of access to the courts must demonstrate that the conduct of prison officials or shortcomings in the institution's legal assistance program actually hindered the inmate's efforts to pursue a legal claim. See Lewis v. Casey, 518 U.S. 343, 351, 116 S. Ct. 2174, 2180 (1996). To state a claim that defendants interfered with the right of access to the courts, an inmate must allege actual injury, i.e., a specific instance in which he was actually denied access to the courts. See Vandelft v. Moses, 31 F.3d 794, 796 (9th Cir. 1994); Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir. 1989).

/////

1   Further, retaliation by a state employee for a prisoner's exercise of a
2   constitutional right is actionable under § 1983, even if the acts, when taken for different reasons,
3   would have been proper. Mt. Healthy City Bd. of Educ. v. Doyle, 429 U.S. 274, 283-84 (1977).
4   To state a retaliation claim, however, a prisoner must allege facts showing that the retaliatory act
5   occurred in response to the prisoner's exercise of a constitutional right and that retaliation was a
6   substantial or motivating factor for the defendant's acts or conduct. 429 U.S. at 285-87. See
7   also Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314-16 (9th Cir. 1989). The prisoner
8   must also allege facts showing that the defendant's retaliatory action did not advance legitimate
9   penological goals, such as preserving institutional order and discipline. Pratt v. Rowland, 65
10  F.3d 802, 806 (9th Cir. 1995); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994); Rizzo v.
11  Dawson, 778 F.2d 527, 532 (9th Cir. 1985).
12  Here, plaintiff has not made the requisite showing that defendant's actions
13  hindered his access to the courts. The docket reflects that plaintiff has met all court deadlines
14  and has filed fourteen documents since the original complaint was filed on August 31, 2009.
15  Further, the court notes that plaintiff relies solely upon the declaration of his mother; he has not
16  presented any evidence that his attorney sent or that he received her declaration; and the named
17  defendant against whom he brings this motion has not worked at the facility since October 2009.
18  Even assuming plaintiff's mail was delayed, plaintiff has not shown that retaliation was the
19  "substantial" or "motivating" factor behind the mail room staff's conduct. See Soranno's, 874
20  F.2d at 1314.
21  Lastly, plaintiff seeks injunctive relief against individuals who are not named as
22  defendants in this action. This court is unable to issue an order against individuals who are not
23  parties to a suit pending before it. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S.
24  100, 112 (1969).
25  Therefore, plaintiff's motion for injunctive relief should be denied.
26

1    IT IS HEREBY ORDERED that the Clerk of the Court shall assign a district
2 judge to this matter; and
3    IT IS HEREBY RECOMMENDED that plaintiff's December 16, 2009 "Request
4 for Immediate Injunctive Relief and Restraining Order" be denied.
5    These findings and recommendations are submitted to the United States District
6 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
7 days after being served with these findings and recommendations, any party may file written
8 objections with the court and serve a copy on all parties.  Such a document should be captioned
9 "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised
10 that failure to file objections within the specified time may waive the right to appeal the District
11 Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
12 DATED: February 16, 2010

UNITED STATES MAGISTRATE JUDGE

/014; penn2243.tro