IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARLIN PENN,

    Plaintiff,                    No. 2:09-cv-2443 KJM JFM (PC)

    vs.

WARDEN McDONALD, et al.,

    Defendants.              <u>FINDINGS & RECOMMENDATIONS</u>

                        /

        Plaintiff is a prison inmate proceeding pro se and in forma pauperis with a civil rights action in which he alleges that defendants at High Desert State Prison ("HDSP") have tampered with, withheld and prevented his legal mail from being mailed. On March 28, 2011, the undersigned issued findings and recommendations recommending that defendants' October 25, 2011 motion for summary judgment be granted. That matter is presently pending before the Honorable Kimberly J. Mueller.

        On May 26, 2011, plaintiff filed a motion for preliminary injunction. Plaintiff seeks (1) a transfer from HDSP to California State Prison – Corcoran, (2) an order prohibiting defendants from improperly screening plaintiff's administrative appeals, and (3) an order prohibiting defendants from tampering with plaintiff's mail.

        The legal principles applicable to a request for injunctive relief are well established. To prevail, the moving party must show either a likelihood of success on the merits

and the possibility of irreparable injury, or that serious questions are raised and the balance of hardships tips sharply in the movant's favor. See Coalition for Economic Equity v. Wilson, 122 F.3d 692, 700 (9th Cir. 1997); Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374, 1376 (9th Cir. 1985). The two formulations represent two points on a sliding scale with the focal point being the degree of irreparable injury shown. Oakland Tribune, 762 F.2d at 1376. "Under any formulation of the test, plaintiff must demonstrate that there exists a significant threat of irreparable injury." Id. In the absence of a significant showing of possible irreparable harm, the court need not reach the issue of likelihood of success on the merits. Id.

In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

A court grants preliminary injunctive relief to preserve the status quo and prevent irreparable harm pending a resolution on the merits of a lawsuit. Los Angeles Memorial Coliseum Com'n, 634 F.2d 1197, 1200 (9th Cir. 1980). "Thus, a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994); Ransom v. Scribner, 2011 WL 126994 (E.D. Cal. 2011).

The court has examined plaintiff's motion and finds that, to the extent plaintiff seeks an order prohibiting defendants from tampering with his mail, the motion should be denied as plaintiff has not shown either a likelihood of success on the merits or the possibility of irreparable injury. See Coalition for Economic Equity v. Wilson, 122 F.3d 692, 700 (9th Cir. 1997); see also Doc. No. 68 (findings and recommendations recommending that defendants' motion for summary judgment be granted).

As to plaintiff's remaining claims, the court finds that they differ in substance from those claims brought in the complaint. Because of the difference between the claims at issue in plaintiff's motion for preliminary injunctive relief and the claims in his complaint, the

preliminary relief requested should be denied. See, e.g., Devose, 42 F.3d at 471 (upholding denial of preliminary injunctive relief where prisoner's preliminary relief claims of mistreatment stemming from the filing of his lawsuit were "entirely different" from the claims of inadequate medical treatment in his complaint); see also Stewart v. Ryan, 2010 WL 921473 (D. Ariz. 2010) ("Plaintiff must seek injunctive relief related to the merits of his underlying claim").

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's motion for preliminary injunction be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 24, 2011.

_____
UNITED STATES MAGISTRATE JUDGE

/014;penn2443.48